**784-15**

IN THE

COURT OF CRIMINAL APPEALS

ORIGINAL

TYRONE DENARD ANDERSON
    APPELLANT

VS.

THE STATE OF TEXAS
    APPELLEE

§
§
§
§
§
§
§

NO. 06-14-00074-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

## PETITION FOR DISCRETIONARY REVIEW

ON APPEAL FROM THE 354th DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL COURT CAUSE NUMBER 29,512
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

FILED IN
COURT OF CRIMINAL APPEALS

AUG 27 2015

Abel Acosta, Clerk

TYRONE DENARD ANDERSON
TDCJ #1944026
BILL CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107

**ORAL ARGUMENTS NOT REQUIRED**

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................ i

INDEX OF AUTHORITIES..................................... ii

STATEMENTS OF THE CASE................................... 1

GROUNDS FOR REVIEW....................................... 2

ARGUMENT................................................2- 3

PRAYER.................................................. 4

CERTIFICATE OF SERVICE.................................. 4

# INDEX OF AUTHORITIES

CASES

MITCHELL V.STATE,762 S.W.2d.916(TEX.APP.-SAN ANTONIO 1988).
........................................................ 2


McMANN V. RICHARDSON,90 S.CT.1441,14,n.25 L.Ed.2d.763(1970).
.................................................. 3


STRICKLAND V. WASHINGTON,466 U.S. 688,104 S.CT. 2052,80 L.ed.
2d.674........................................... 3


SAUNDERS V. STATE, 817 S.W.2d.688(TEX.CR.APP.1991)..........3..


TRAPNELL V. UNITED STATES, 725 F.2d. 151................... 3




LAWS AND STATUES

TEXAS CODE OF CRIM.PRO.Art. 36.14.......................... 2


VERNONS CODE OF CRIM.PROC.Art. 38.14...................... 3

IN THE

COURT OF CRIMINAL APPEALS

TYRONE DENARD ANDERSON        §
    APPELLANT                §
                           §
VS.                          §        NO. 06-14-00074-CR
                           §
THE STATE OF TEXAS           §
    APPELLEE                 §

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICES OF SAID COURT:

    COMES NOW,TYRONE DENARD ANDERSON,APPELLANT,HEREIN AND IN SUP-
PORT OF THIS PETITION FOR DISCRETIONARY REVIEW WILL SHOW THIS HON-
ORABLE COURT THE FOLLOWING:

### I.

PETITIONER IS REQUESTING THAT ORAL ARGUMENTS BE WAIVED.

### II.

### STATEMENT OF THE CASE

APPELLANT WAS INDICTED FOR THE OFFENSE OF POSSESSION/MANUFACTURING
AND DELIVERY OF A CONTROLLED SUBSTANCE IN AN AMOUNT OF ONE GRAM OR
MORE BUT LESS THAN FOUR GRAMS,PENALTY GROUP ONE.APPELLANT PLED NOT
GUILTY.A JURY FOUND APPELLANT GUILTY AND PURSUANT TO THE JURY'S
FINDING OF "TRUE" TO THREE OF THE STATES ENHANCEMENT ALLEGATIONS,
APPELLANT WAS SENTENCED TO LIFE IN PRISON.

1.

## III.
## PROCEDURAL HISTORY

NOTICE OF APPEAL WAS FILED ON MARCH 27,2014. THE REPORTERS RECORD WAS FILED ON SEPTEMBER 5,2014. Appellant's APPEAL ATTORNEY FILED AN ANDERS BRIEF. APPELLANT THEN FILED A PRO SE BRIEF ON MARCH 9, 2015 IN THE SIXTH DISTRICT COURT OF APPEALS.THE SIXTH DISTRICT COURT OF APPEALS AFFIRMED THE TRIAL COURT S JUDGMENT ON MAY 8,2015.

## IV.
## GROUNDS FOR REVIEW.

APPELLANT CONTENDS THAT HIS APPELLANT ATTORNEY WAS INEFFECTIVE FOR FAILURE TO PROPERLY INVESTIGATE AND REVIEW THE RECORD. COUNSEL FIL- ED AN ANDERS BRIEF OVER-LOOKING THE FACT THAT APPELLANT HAD AN AC- COMPLICE TO GIVE TESTIMONY AGAINST THE APPELLANT WHO WAS A CO-DEFEN- DENT.THE CO-DEFENDENT WAS CHARGED WITH THE SAME CRIME AS THE APPEL- LANT,MAKING THE CO-DEFENDANT AN ACCOMPLICE AS A MATTER OF LAW.

## V.
## ARGUMENT.

THE FOURTEENTH AMENDMENT GUARANTEES A DEFENDANT THE RIGHT TO EFFEC- TIVE ASSISTANCE OF COUNSEL ON DEFENDANTS FIRST APPEAL.COUNSEL SHOULD MAKE AN INDEPENDANT INVESTIGATION OF THE FACTS OF THE APPELLANTS CASE. **MITCHELL vs. STATE,**762 S.W.2d.916(TEX.APP.-SAN ANTONIO 1988). APPELLANTS BROTHER,FRANK ANDERSON WAS INDICTED FOR THE SAME CHARGE AND WAS CONSIDERED AN ACCOMPLICE AS **A MATTER OF LAW.**APPELLANTS TRIAL COUNSEL FAILED TO OBJECT TO THE ACCOMPLICE WITNESS TESTIMONY AND TO REQUEST A JURY CHARGE INSTRUCTION UNDER THE **TEX.CODE OF CRIM.PROC. ART.36.14.** Attorney MADE NO WRITTEN INSTRUCTION OBJECTING OR REQUEST- ING A TRIAL COURT CHARGE. THIS WAS CONSIDERED AN ERROR PER SE THE STATES BRIEF.(pg.5)

2.

"THE RIGHT TO COUNSEL IS THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. McMANN V. RICHARDSON,397 U.S.759,771,n.14,90 S.CT.1441, 1449,n.14,25 L.ED.2d.763(1970)."

AS ALL THE FEDERAL COURTS OF APPEALS HAVE NOW HELD,THE PROPER STANDARD FOR ATTORNEY PERFORMANCE IS THAT OF REASONABLY EFFECTIVE ASSISTANCE. SEE TRAPNELL V. UNITED STATES,725 F.2d,at 151-152.

SO THE BENCHMARK FOR JUDGING ANY CLAIM OF INEFFECTIVENESS MUST BE WHETHER COUNSEL'S CONDUCT SO UNDERMINED THE PROPER FUNCTIONING OF THE ADVERSARIAL PROCESS THAT THE TRIAL CANNOT BE RELIED ON AS HAVING PRODUCED A JUST RESULT. STRICKLAND V. WASHINGTON,466 U.S. 668, 104 S.CT. 2052,80 L.Ed.2d. 674.

APPELLANT S TRIAL COUNSELS FAILURE TO REQUEST THE JURY CHARGE INSTRUCTION OF THE TESTOMONY OF AN ACCOMPLICE WITNESS WAS OF THE DEGREE OF HARM,SUFFICIENTLY SERIOUS ENOUGH TO BE CLASSED AS "EGREGIOUS." APPELLANTS CONVICTION AND SENTENCE WAS MADE CLEARLY AND MORE PERSUASIVE BY THE TESTIMONY PRESENTED BY APPELLANTS BROTHER,FRANK ANDERSON,WHO WAS THE CO-DEFENDANT IN THIS CASE.V.C.C.P. art.38.14.

THE EVIDENCE PRESENTED IN APPELLANTS TRIAL DEMONSTRATES THAT THE ACCOMPLICE TESTIMONY WAS ESSENTIAL IN HELP MAKING THE STATES CASE AGAINST THE APPELLANT.HAD THE JURY BEEN INFORMED THAT IT COULD NOT CONVICT APPELLANT WITHOUT CORROBORATION OF THE TESTIMONY GIVEN BY APPELLANTS BROTHER FRANK,THERES A REASONABLE PROBILITY A RATIONAL JURY WUOLD NOT HAVE CONVICTED APPELLANT.SEE AND cf.SAUNDERS V. STATE,817 S.W.2d.688 (TEX.CR.APP.1991).

FRANK ANDERSON WAS CONNECTED TO THE OFFENSE COMMITTED AND CHARGED.

3.

APPELLATE COUNSEL FAILED THE APPELLANT BY FILING AN ANDERS BRIEF

WHEN IN FACT APPELLANT HAD A VIABLE AND APPARENT ERROR IN HIS PRO-

CEEDINDS. THE LIKELYHOOD OF A COMPETENT LAWYER COMMITTING THIS SAME

MISTAKE SHUOLD BE CONSIDERED SLIM TO NONE.(emphasis my own)


**WHEREFORE,PREMISES,CONSIDERED**, APPELLANT PRAYS THIS HONORABLE COURT

GRANTS THIS PETITION FOR DISCRETIONARY REVIEW AND REVERSE AND RE-

MAND APPELLANTS CONVICTION TO SHOW AN AQUITTAL,NEW PUNISHMENT AND

/OR NEW TRIAL AND ANY OTHER RELIEF THAT THE APPELLANT IS ENTITLED

TO. IT IS SO PRAYED.


                              RESPECTFULLY SUBMITTED,

                              TYRONE D.ANDERSON #1944026
                              BILL CLEMENTS UNIT
                              9601 SPUR 591
                              AMARILLO,TEXAS 79107


### CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING

PETITION FOR DISCRETIONARY REVIEW HAS BEEN SSNT TO THE STATE PRO-

SECUTING ATTORNEY,Mr. JEFFREY VAN HORN AT,P.O.BOX 12405,AUSTIN

TEXAS 78711,AND THE COURT OF CRIMINAL APPEALS OF TEXAS AT,P.O.BOX

12308,CAPITOL STATION,AUSTIN,TX. 78711 BY U.S.MAIL,POSTAGE PREPAID,

FIRST CLASS. **ON THIS THE** _14_ **DAY OF** _August_ 2015.

                              TYRONE D.ANDERSON #1944026

4.



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

## No. 06-14-00074-CR

---

TYRONE DENARD ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29512

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

A jury found Tyrone Denard Anderson guilty of possession of cocaine in an amount of one gram or more but less than four grams, with intent to deliver. Pursuant to the jury's finding of "true" to three out of four of the State's enhancement allegations, Anderson was sentenced to life imprisonment.

Anderson's attorney on appeal has filed a brief which states that she has reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We note that in *Anders* cases, "appellate courts have the authority to reform judgments and affirm as modified in cases where there is non reversible [sic] error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, we must modify the judgment by deleting the assessment of court-appointed attorney fees.

Even though the record demonstrated that Anderson was indigent, the trial court's judgment ordered him to pay attorney fees in the amount of $5,535.00, an amount that was also

included in the trial court's bill of costs. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order an indigent defendant to pay court-appointed attorney fees only if "the court determines that [the] defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Anderson had financial resources or was otherwise able to pay his appointed attorney's fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, we modify the trial court's judgment by deleting the assessment of attorney fees.

Next, in response to counsel's *Anders* brief, Anderson has filed a pro se response in which he argues (1) that the indictment was "constructively amended, in violation of his fifth amendment right," (2) that the evidence is legally insufficient to support the jury's finding of guilt because the testimony of an accomplice witness was insufficiently corroborated, (3) that the trial court erred in failing to give the jury an accomplice witness instruction, (4) that the State's use of previous

3

convictions for enhancement purposes violated his double jeopardy rights, and (5) that both trial and appellate counsel rendered ineffective assistance.

We have independently reviewed the entire record, as well as Anderson's pro se response and the State's response, and we find no reversible error. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, with the exception of the improper assessment of court-appointed attorney fees, we conclude that no genuinely arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment, as modified.[1]

Bailey C. Moseley
Justice

Date Submitted:   May 8, 2015
Date Decided:   May 28, 2015

Do Not Publish

---

[1] Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of Anderson in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Anderson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

4

Texarkana, Texas
Debra K. Autrey, Clerk